UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA          :
                                  :
         v.                       :   CRIMINAL NO.
                                  :
PAUL TAYLOR                       :
                                  :
         Defendant                :

INFORMATION

THE UNITED STATES ATTORNEY CHARGES:

Introduction

AT ALL TIMES RELEVANT TO THIS INFORMATION:

1. The Federal Correctional Institute, Schuylkill is a medium security institution housing male inmates, with a satellite camp that houses male minimum security inmates. Medium security institutions, also known as Federal Correctional Institutions, have strengthened perimeters, often double fences with electronic detection systems, mostly cell-type housing, a wide variety of work and treatment programs, a higher staff-to-inmate ration then low security FCI's, and even greater internal control of inmate movement.

1

2. The Federal Correctional Institute Schuylkill is a smoke-free environment and inmates are not allowed to purchase or possess any kind of tobacco product within the institution. Therefore, tobacco is considered contraband within the institution. Tobacco that is smuggled into the institution is often sold by inmates to each other at a price of approximately $250 a pack.

3. The Defendant, Paul Taylor, was a Correctional Officer responsible for ensuring the prison rules were followed within his assigned Unit for the safety of the institution as well as the inmates. His duties required him to conduct frequent searches of the person of the inmates, inmate cells, multipurpose areas, and laundry, among other areas, to ensure that the inmates were not in possession of contraband including tobacco.

4. The Defendant Paul Taylor was an employee with the Federal Correctional Institute Schuylkill in Schuylkill, Pennsylvania, and as such a public official in accord with 18 U.S.C. § 201(a)(1).

## COUNT 1

1. The allegations contained in Paragraphs 1 through 4 are hereby repeated, re-alleged, and incorporated by reference as though fully set forth herein.

2. From in or about 2011 to in or about 2016, in Schuylkill County, in the Middle District of Pennsylvania, and elsewhere, the defendant

### PAUL TAYLOR,

a public official, directly and indirectly, did corruptly demand, seek, receive, accept, and agree to receive and accept things of value personally, namely United States currency, in return for being influenced in the performance of an official act and being induced to do and omit to do acts in violation of his official duty; that is, the defendant did receive more than $89,700 from others in return for smuggling tobacco and related items into the Federal Correctional Facility Schuylkill and providing that contraband to inmates within that institution and allowing the inmates to keep the contraband.

In violation of Title 18, United States Code, Sections 201(b)(2)(C),

and Section 2.

## FORFEITURE ALLEGATION

1. The allegations contained in Count 1 of this Information are hereby re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461.

2. Pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States, Section 2461, upon conviction of an offense in violation of Title 18, United States Code, Section 201(b)(2)(C), the defendant,

## PAUL TAYLOR

shall forfeit to the United States of America any property constituting, or derived from, any proceeds obtained, directly or indirectly, as the result of such offenses and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, the offenses. The property to be forfeited includes, but is not limited to, the following:

 a. Approximately $89,700.00 in United States currency.

3. If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

                                              UNITED STATES ATTORNEY
                                              DAVID J. FREED

                                              */s/ Todd K. Hinkley*
                                              By: Todd K. Hinkley
                                                   Assistant U.S. Attorney

Dated: June 9, 2020